(No. 76-CV-0512-)

*In re* APPLICATION OF ELEANOR KLERESKI.

*Opinion filed April 25, 1980.*

CHAPMAN & CUTLER (KEEHN LANDIS, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WENDY WEID-BERG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of a criminal offense which occurred on or about the 31st day of May 1975. Claimant seeks compensation pursuant to the applicable provisions of Ill. Rev. Stat., ch. 70, par. 71 *et seq.* (Crime Victims Compensation Act, hereinafter referred to as the Act).

The claim was filed on or about the 5th day of December 1975. Thereafter, based upon the investigatory report submitted by the Attorney General of the State of Illinois and the other documentary evidence, the Court rendered its opinion on or about the 27th day of December 1977. Claimant filed her objections to said opinion and requested a full hearing on the merits.

The hearing was conducted by Commissioner Leo J. Spivack on the 25th day of April 1979, in Chicago, Illinois. As a result of the hearing the following facts were established by a preponderance of the evidence:

1. Claimant, Eleanor Klereski, was a victim of a vio-

lent crime, as defined in section 2(c) of the Act, to-wit: "Battery."

2. Claimant notified appropriate police authorities of the occurrence within 24 hours, which under the facts presented was a reasonable amount of time and she has, therefore, complied with all the pertinent provisions of the Act and qualifies for compensation thereunder.

3. Claimant incurred the following medical and/or hospital expenses, part of which were paid for and/or reimbursed by insurance:

| Expense | Amount | Insurance | Net Claim |
|---------|--------|-----------|-----------|
| Hospital | $951.25 | $852.20 | $ 99.05 |
| Medical | 584.30 | 314.69 | 269.61 |
| Misc. | 114.06 | -0- | 114.06 |
| | | | $482.72 |

4. Claimant was employed by Chapman and Cutler prior to the injury and her average monthly earnings were in excess of $500.00 per month. Claimant was disabled and unable to work from June 2, 1975, to September 12, 1975, a period of three months and ten days.

5. Section 4 of the Act (Ill. Rev. Stat., ch. 70, par. 74) states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of injury or on $500.00 per month, whichever is less.

6. That based on $500.00 per month, the maximum compensation for the loss of earnings for three months and ten days is $1,700.00.

7. The evidence shows that Claimant's employer, although not contractually bound to do so, continued to pay Claimant her normal salary deducting therefrom withholding and Social Security taxes.

8. Claimant's contention that the monies received were a "gift" is not supported by the evidence inasmuch as "gifts" are not deductible as business expenses by the donor, as was done in the existent case.

Based on the foregoing facts, it is the opinion of this Court that Claimant is not entitled to an award inasmuch as she received from her employer a sum in excess of that to which she might otherwise be entitled under the Act.

The Court, therefore, finds no grounds for reconsidering its opinion of December 27, 1977, denying the claim for compensation herein.